-O-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET MADA, | ) Case No. CV 07-4539-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND |
| MICHAEL J. ASTRUE, | ) ORDER |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 8.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the JS filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the opinions of Plaintiff's treating physician; and
2. Whether the ALJ properly evaluated Plaintiff's mental residual functional capacity.

(JS at 3.)

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /

## III.

## DISCUSSION

**A.     The ALJ Properly Considered the Opinions of Plaintiff's Treating Physician.**

Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Khalid Ahmed, a treating physician, because he failed to provide specific and legitimate reasons for rejecting that opinion. (JS at 5.) Specifically, Plaintiff complains that the ALJ failed to consider an assessment form that was completed by Dr. Ahmed on February 25, 2007. ( Id. at 4-5.) Among other findings, Dr. Ahmed found that Plaintiff was capable of lifting no more than ten pounds, was limited to less than two hours of sitting and standing/walking per workday, and found the Plaintiff's experience of pain severe enough to constantly interfere with her attention span and concentration. (AR at 477-81.) Plaintiff contends that "the ALJ failed to properly evaluate Dr. Ahmed's opinions" and "[i]t is clear from Dr. Ahmed's opinions that a finding of disability would ensue were his opinions credited as true." (JS at 6-7.) Plaintiff also contends that the ALJ erred in stating that Plaintiff's "limitation to light work is 'not inconsistent' with [Plaintiff's] treating physicians," referring specifically to Dr. Ahmed's 2007 assessment form. (Id. at 4-5.) This Court does not agree.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and

convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Contrary opinions of examining and non-examining physicians "serve as additional specific and legitimate reasons" for rejecting the opinions of treating and examining physicians. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Johnson v. Shalala, 60 F.3d 1428, 1423, 1433 (9th Cir. 1995) (self-contradictory nature of treating physician opinion was "clear and convincing" reason for rejection).

Here, the ALJ found the Plaintiff had the "residual functional capacity for light work without any additional restrictions." (AR at 23.) The ALJ did not specifically address the assessment form that was completed by Dr. Ahmed on February 25, 2007. Rather, the ALJ's rationale for his decision was as follows:

> My assessment of the claimant's ability is consistent with the opinion of the consultative orthopedic examiner and the State Agency medical consultants (Exhibits 10F and 11F). It is also not inconsistent with the various opinions from the claimant's treating physicians in her workers' compensation case, who opined generally that the claimant was limited to light work. (Exhibits 6F, 8F, and 15F).

(Id.)

The Court finds that the ALJ's reliance on the opinions of orthopedic consultative examiner, Dr. Tom, and the State Agency medical consultant, serve as specific and legitimate reasons for rejecting the opinions of Dr. Ahmed. These opinions, finding that Plaintiff was not totally disabled, controverted Dr. Ahmed's

2007 assessment and were based on independent clinical evidence. (Id. at 22-23.) Dr. Tom concluded, "[f]rom a functional standpoint, the patient can lift and carry 20 pounds occasionally and less than 10 pounds frequently. The patient can stand and walk six hours in an eight-hour work day with the appropriate breaks. The patient can sit six hours out of an eight-hour day with the appropriate breaks." (Id. at 366.) The State Agency medical consultant found that Dr. Tom's examining source conclusions about Plaintiff's limitations were not significantly different from her findings. (Id. at 373.) Moreover, since the opinions of Dr. Tom and the State Agency medical consultant were based on independent clinical findings (see id. at 361-74), they also serve as substantial evidence supporting the ALJ's findings. See Tonapetyan, 242 F.3d at 1149.

Additionally, Plaintiff contends that the ALJ was incorrect in stating that Plaintiff's limitation to light work is "not inconsistent" with Dr. Ahmed's 2007 assessment form. (JS at 4.) Although Dr. Ahmed's 2007 assessment form, on its face, is partially inconsistent with the ALJ's residual functional capacity assessment for light work[3], substantial evidence in the record nevertheless supports the ALJ's decision. (AR at 225, 331, 361-74.) Thus, even if it was error to state that Plaintiff's limitation to light work is "not inconsistent" with Dr. Ahmed's 2007 assessment form, any error was harmless because the ALJ's findings were based on substantial evidence in the record. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

Accordingly, the Court finds that the ALJ's reasons for rejecting Dr. Ahmed's assessments and finding Plaintiff not disabled were specific, legitimate,

---

[3] Light work requires lifting up to 20 pounds, with 10 pounds frequently, and walking and/or standing for up to six hours a day. 20 C.F.R. § 416.967(b); see also Soc. Sec. Ruling 83-10; Gallant v. Heckler, 753 F.2d 1450, 1454 n.1.

and based on substantial evidence. Thus, the ALJ did not err in rejecting Dr. Ahmed's opinions.

**B.     The ALJ Erred in Evaluating Plaintiff's Mental Impairments.**

In her second disputed issue, Plaintiff contends that the ALJ failed to "properly evaluate medical source statements [of Dr. Seth Hirsch] before incorporating them into the disability evaluation." (JS at 24.) Plaintiff contends that the ALJ's medical source evaluation was improper because "the ALJ failed to consider the definitional distinctions between the workers' compensation system and the Social Security disability program." (Id. at 23.) Specifically, Plaintiff contends that when considering the medical opinions of Dr. Hirsch, "[r]ather than contemplating the specific definitions of terms such as 'slight' and 'moderate,' the ALJ simply applied the Social Security definition of those terms." This Court agrees.

Plaintiff was evaluated by Dr. Hirsch, a licensed psychologist, in connection with her workers' compensation claim on at least five occasions from February 2002 to May 2004. (AR at 17-18.) On May 27, 2004, Dr. Hirsch conducted a "Permanent and Stationary Psychological Evaluation" for purposes of the Plaintiff's workers' compensation claim. (Id. at 18.) Dr. Hirsch diagnosed Plaintiff with the following mental disorders: "Major Depressive Disorder, Single Episode Moderate" and "Pain Disorder Associated with Both Psychological Factors and a General Medical Condition." (Id. at 253.) Dr. Hirsch assessed Plaintiff's Global Assessment of Functioning for the past year at 57.[4] (Id. at 254.) Based on clinical impressions as well as psychodiagnostic testing conducted previously, Dr. Hirsch opined that Plaintiff had the following functional limitations

---

[4] A GAF in the range of 51-60 signifies "moderate symptoms . . . or moderate difficulty in social, occupational, or school functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 34 (American Psychiatric Ass'n ed., 4th ed. 2000).

resulting from her mental impairments:

1. With respect to Plaintiff's ability to comprehend and follow instructions: a slight impairment in her ability to maintain attention and concentration for necessary periods; understand written and oral instructions; and perform work requiring setting limits, tolerance, and standards. (Id.)

2. With respect to Plaintiff's ability to perform simple and repetitive tasks: a slight impairment in her ability to ask simple questions or request assistance; perform activities of a routine nature; and ability to remember locations, and work procedures. (Id. at 255.)

3. With respect to Plaintiff's ability to maintain a work pace appropriate to a given work load: a moderate impairment in her ability to perform activities within a schedule; maintain regular attendance and be punctual; complete a normal work day, and work at a constant pace. (Id.)

4. With respect to Plaintiff's ability to perform complex or varied tasks: a moderate impairment in her ability to synthesize; coordinate and analyze data; and perform tasks requiring precise attention of set limits, tolerance and standards. (Id.)

5. With respect to Plaintiff's ability to relate to other people beyond giving and receiving instructions: a slight to moderate impairment in her ability to get along with co-workers or peers; perform work activities requiring negotiating, explaining, or persuading; respond appropriately to criticism. (Id. at 256.)

6. With respect to Plaintiff's ability to influence people: a slight impairment in her ability to convince or direct others; understand the meaning of words, and use them effectively; and interact appropriately with people. (Id.)

7. With respect to Plaintiff's ability to make generalizations, evaluations or decisions without immediate supervision: a moderate impairment in her

|     |                                                                                           |
| --- | ----------------------------------------------------------------------------------------- |
| 1   | ability to recognize potential hazards, and follow precautions; understand                |
| 2   | and remember detailed instructions; make independent decisions or                         |
| 3   | judgements; and set realistic goals and make plans independent of others.                 |
| 4   | (Id. at 257.)                                                                              |
| 5   | 8. With respect to Plaintiff's ability to accept and carry out responsibility for         |
| 6   | direction, control, and planning:  a moderate impairment in her ability to set            |
| 7   | realistic goals, or make plans independent of others; negotiate, instruct, and            |
| 8   | supervise; respond appropriately to changes in work conditions.  (Id. at 257.)            |

The Ninth Circuit has held that the ALJ must adequately consider definitional differences between the workers' compensation system and the Social Security Act. See Desrosiers v. Sec. of Health & Human Serv., 846 F.2d 573, 576 (9th Cir. 1988).  Since Dr. Hirsch was evaluating Plaintiff's mental impairments in a workers' compensation setting, it was incumbent on the ALJ to consider the definition of the terms "slight," "slight to moderate," and "moderate" when utilized for purposes of the rating schedule which has been adopted by the Administrative Director of the Division of Workers' Compensation (of the California Department of Industrial Relations) pursuant to the authority of California Labor Code § 4660(b), and to translate those terms from the workers' compensation setting into the parlance of Social Security disability determinations. See Macri v. Chater , 93 F.3d 540, 543-44 (9th Cir. 1993); Desrosiers, 846 F.2d at 576; Payan v. Chater, 959 F. Supp. 1197, 1204 (C.D. Cal. 1996).  For example, under the California Workers' Compensation scheme, a "slight to moderate" impairment is one that causes a 20% impairment in the ability to perform the activity precipitating the impairment, while a "moderate" impairment is one that causes a 30% work function impairment value.  See Payan, 959 F. Supp. at 1204.

Here, the ALJ concluded that the Plaintiff's "mental impairments of an

anxiety disorder and mental depression have not caused any restriction on the [Plaintiff's] activities of daily living, and have provided only mild limitations on her social functioning and ability to maintain concentration, persistence and pace." (AR at 22.)  Although, the ALJ's decision cites as medical evidence the "Permanent and Stationary Psychological Evaluation" findings conducted by Dr. Hirsch for the purposes of Plaintiff's workers' compensation claim, the ALJ failed to adequately "translate" Dr. Hirsch's use of workers' compensation terminology for the purposes of analyzing Plaintiff's social security disability claim.  (Id. at 18.); see also Booth v. Barnhart, 181 F. Supp. 2d 1099, 1109 (C.D. Cal. 2002).  Nothing in the record demonstrates that the ALJ adequately considered the definitional differences between the workers' compensation system and the Social Security Act.  (Id. at 16-24.)  Had he done so, his conclusion regarding Plaintiff's mental impairments might have been different.

Based on the foregoing, the Court finds that the ALJ erred in evaluating Plaintiff's mental residual functional capacity.

**C.     This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th. Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  Lewin, 654 F.2d at 635.  The Court finds that the ALJ committed legal error because he did not properly evaluate Plaintiff's medical source statements relating to her mental impairments.  Specifically, the ALJ failed to consider the definitional differences between the workers' compensation system and the Social Security Act when he determined that the Plaintiff's mental impairments do not qualify as a severe impairment.  Accordingly, it appears to the Court that this is an

instance where further administrative proceedings would serve a useful purpose and remedy defects.

## V.

## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: July 9,, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge